In the Matter of the Application of LENA FRIEDLANDER, Respondent, for a Certiorari Order to Review a Determination of the Board of Appeals Zoning Ordinance of the City of Mount Vernon. 465 LEXINGTON AVENUE, INC., Intervenor, Appellant.— On reargument, order reversed upon the law and the facts and proceeding dismissed, with ten dollars costs and disbursements, upon authority of *Friedlander* v. *465 Lexington Avenue, Inc.* [*ante*, p. 689], decided herewith. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

DAVID L. KELLER, Respondent, v. C. F. AHLSTROM, INC., Appellant.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. We are of opinion that there was reversible error in refusing to submit this case to the jury on the question of damages. The trial court should have submitted to the jury, for their consideration in determining the actual loss sustained by plaintiff's assignor, the question of the value, if any, of the stock of the Kirby Lithographing Company received by the plaintiff's assignor for services rendered in its organization and also the question involving the good faith and reasonable diligence on the part of plaintiff's assignor in mitigation of damages. We are also of the opinion that it was error to exclude the evidence of the offers of employment made to plaintiff's assignor and to hold, as a matter of law, that they were not of substantially the same character as the original employment, as that was a question of fact for the jury. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

LAWRENCE CLEANERS & DYERS, INC., Respondent, v. ABE WEISS, Appellant. MANHATTAN CLEANERS & DYERS, INC., Defendant.— Order modified so as to provide that defendants be restrained from soliciting business or trade from customers of plaintiff which defendant Weiss had upon routes 300 and 500, and as so modified affirmed, without costs. Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur. Settle order on notice.

HARRY LEHRMAN and LOUIS LIEBMAN, Respondents, v. JACOB KRAMER, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Young, Rich, Kapper, Lazansky and Hagarty, JJ.

JENNIE MISHKIN, Appellant, v. PENNSYLVANIA RAILROAD COMPANY, Respondent.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Judgment dismissing complaint on the opening reversed upon the law and the facts and new trial granted, costs to abide the event. It was stated upon the opening that the missile is in defendant's possession and that the window opened through defendant's negligence. It may appear that the missile was defendant's property and that its negligence was the proximate cause of plaintiff's injury. In such circumstance we believe it cannot be said as matter of law that plaintiff has no cause of action. We are of opinion that, in the interests of justice, all the facts in this case should be adduced from witnesses. Young, Rich, Kapper and Lazansky, JJ., concur.